UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-24356-CV

**CRAIG ALLEN JR**,
    Plaintiff
    v.
**CITY OF MIAMI GARDENS**, a political          **[JURY DEMAND]**
subdivision of the State of Florida, and
**LAWRENCE RICHARDSON**, sued in his
individual capacity,
    Defendants,

## COMPLAINT

Plaintiff, **CRAIG ALLEN JR**, by and through counsel, and files his complaint and alleges:

## PARTIES

1. Plaintiff **CRAIG ALLEN JR** is a resident of the State of Florida.

2. Defendant **CITY OF MIAMI GARDENS** is a municipal entity organized pursuant to the laws of Florida.

3. At the time of the incident complained herein, Defendant **LAWRENCE RICHARDSON** was employed as a City of Miami Gardens law enforcement officer. Richardson is sued in his individual capacity.

4. Defendant **CITY OF MIAMI GARDENS** is a municipal entity organized pursuant to the laws of Florida.

5. All plaintiffs, acted under color of statute, ordinance, regulation, custom, or usage, of Miami-Dade and/or the State of Florida.

## JURISDICTION & VENUE

6. This action is for legal and equitable relief brought pursuant to 42 USC § 1983 and 1988 regarding the violation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution. Plaintiff's closely related state law claims are within this Court's jurisdiction pursuant to 28 USC § 1367.

7. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.

8. All condition precedents have been satisfied including but not limited to those set out in Fla. Stat. § 768.28.

## STATEMENT OF FACTS

9. At approximately 7:00 AM on July 31, 2016, Allen was having a discussion with his girlfriend Geraldine Estrada. This discussion took place in her apartment located in Miami Gardens, Florida. No one saw the discussion between Allen and Estrada. The discussion was not violent nor was it loud. No one called the police as a result of this discussion. Allen realizing that the discussion was not going anywhere, decided to exit Estrada's apartment. Estrada followed Allen as he was exiting.

10. As Allen was entering his vehicle, Lawrence Richardson of Miami Gardens Police Department walked up to Allen with his gun drawn and screamed at Allen to get on the ground. Richardson was in plain clothes and had not identified himself as an officer and there were no marked patrol vehicles in the area. Prior to this interaction, Allen had never met Richardson and had no idea who Richardson was. At the sight of Richardson's gun, Allen was in fear for his life.

11. Richardson again told Allen to get on the ground without identifying that he was a police officer. Allen stated that he was not going to get on the ground. Allen expressed to Richardson that he did not do anything wrong.

12. A uniformed officer arrived on the scene then told Allen to place his hands behind his back. Allen complied. At the instruction of Richardson, Allen was placed in the uniformed officer's vehicle. Still uncertain on why he was being arrested, Allen proclaimed his innocence to the second officer but to no avail.

13. At the scene, Estrada explained to Richardson that he had done nothing wrong and that Allen was her boyfriend. However, Richardson refused to listen to reason and arrested Allen anyway. Pursuant to the arrest, Allen's car was towed.

14. At the time of this incident, Allen was a Miami-Dade correctional officer. Allen was taken to Turner Guilford Knight correctional facility where he works. Allen was booked, strip searched, and placed into an inmate uniform by his co-workers. As a result of his status as law enforcement, internal affairs were alerted to his arrest and forced him to undergo drug and alcohol test.

15. Post arrest, Allen learned that Richardson was the detective in Estrada's domestic violence case. The suspect in that case was the father of Estrada's daughter. Allen and the suspect look nothing a like and Richardson knew Allen was not the suspect.

16. In order to substantiate Allen's arrest, Richardson fabricated probable cause. In his arrest affidavit, Richardson stated that Allen had battered Estrada because he personally observed

Allen dragging her out of the door and down the stairs of her apartment. This was completely false and there was nothing to corroborate this false statement.

17. On the day of Allen's arrest, Estrada went to the police station and gave a written statement under the penalties of perjury where she stated that Allen did not harm her, hit her, drag her, strike her, and she had no marks or bruises. The person who took this statement was Richardson. This was the second statement in which Allen was clearly exonerated by Estrada. Estrada's statement refuted Richardson's arrest affidavit in its entirety; however, Richardson proceeded with charges against Allen.

18. On the day of the incident, pictures were taken of Estrada and those pictures showed there were no marks or bruises on her.

19. Richardson falsely arrested and imprisoned Allen on one count of resisting an officer without violence and one count of battery. Allen's bond was fixed at $2,000.00 for said charge. Allen was released on August 1, 2016.

20. On November 8, 2016, the criminal matter went to trial on both charges. At the trial, both Richardson and Estrada gave testimony. Richardson continued with his fabrication at trial and Estrada maintained her position that Allen did not harm her. The jury found that Allen was not guilty of all charges.

21. As a result of Richardson's conduct, Allen suffered damages. These damages included but not limited to emotional, physical, and financial injury. Allen incurred a loss of property. Allen suffered humiliation and embarrassment as result of this incident. Additionally, Allen incurred unnecessary legal costs as a result of the defense of this matter.

22. Defendants acted under color of statute, ordinance, regulation, custom, or usage, of Miami-Dade and/or the State of Florida.

### I. Unlawful Stop against Richardson (Federal Claim)

23. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.

24. Allen was subject to unlawful stop by said Defendant. Richardson unlawfully stopped Allen.

25. Defendant did not have reasonable suspicion to detain Allen. As Allen was entering his vehicle, Richardson walked up to Allen with his gun drawn and screamed at Allen to get on the ground. Richardson knew Allen was not the father of Estrada's daughter, i.e. suspect wanted in the

Estrada's domestic violence case. Furthermore, there were no facts that indicated that Allen had committed, was in the process of committing, or was going to commit a crime.

26.     As a result of Defendant's unlawful and intentional conduct, Allen's person was unreasonably seized. Had it not been for Defendant's stop without reasonable suspicion Allen would not have been detained in police custody.

27.     Defendant acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Allen pursuant to the laws of Florida.

## II.     False Arrest against Richardson (Federal Claim)

28.     This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.

29.     Allen was falsely arrested by Richardson. Allen was detained for approximately one day in Miami-Dade county jail.

30.     Defendant did not have probable cause to arrest Allen. There was nothing that Defendant observed that showed that Allen had committed, was in the process of committing, or was going to commit a crime. Allen peacefully left Estrada's home and attempted to enter his vehicle, when Richardson drew his gun on Allen and demanded that Allen get on the ground. Allen did not batter or harm anyone. Estrada even testified to this fact on the date of the arrest at the scene and the police station. Additionally, Allen's statement inquiring who Richardson was and refusal to get on the ground did not give rise to probable cause. This is especially true where Richardson failed to identify himself as a police officer and no crime had been committed by Allen.

31.     As a result of Defendant's unlawful and intentional conduct, Allen's person was unreasonably seized. Had it not been for Defendant's arrest without probable cause, Allen would not have been detained in Miami-Dade County jail.

32.     Defendant acted under the color of law pursuant to the State of Florida. Defendant was a municipally employed officer arresting Allen pursuant to the laws of Florida.

## III.     Fabrication of Arrest Affidavit against Richardson (Federal Claim)

33.     This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure of Plaintiff's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.

34.     Allen was subject to unreasonable seizure by said Defendants. Richardson falsified the arrest affidavit that gave rise to the unlawful seizure.

35. Defendant did not have probable cause to arrest Allen and fabricated the arrest affidavit to substantiate Allen's arrest. In his arrest affidavit, Richardson stated that Allen had battered Estrada because he personally observed Allen dragging her out of the door and down the stairs of her apartment. This was completely false and there was nothing to corroborate this false statement. The physical and testimonial evidence given by Estrada, the alleged victim, refuted Richardson's affidavit in its entirety.

36. As a result of Defendant's unlawful and intentional conduct, Allen's person was unreasonably seized. Had it not been for Defendant's fabrication of probable cause, Allen would not have been seized.

37. Defendant acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Allen pursuant to the laws of Florida.

## IV.   Freedom of Speech (Federal Claim)

38. This action is brought pursuant to 42 USC §1983 and in violation of Plaintiff's right to free speech as prescribed by the First Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.

39. Allen engaged in conduct or speech protected by the First Amendment when he was having a verbal disagreement with Estrada. He did not physically harm Estrada and did not threaten to harm her. In fact, in order to deescalate the situation he peacefully exited her apartment and went to his car.

40. Defendant responded with retaliatory action sufficient to deter a person of ordinary firmness from exercising his First Amendment right. Minutes after this discussion, Richardson drew his gun and demanded that Allen get on the ground. Allen was subsequently detained, handcuffed, and arrested by Defendant.

41. The protected activity caused the retaliation; but for Allen's speech Defendant would not have drew his gun, placed Allen in handcuffs, arrested, and vindictively prosecuted Allen.

42. Defendant acted under the color of law pursuant to the State of Florida. Defendant was a municipally employed officer detaining Allen pursuant to the laws of Florida.

## V.   False Imprisonment/False Arrest against Richardson (State Claim)

43. This action is brought pursuant to laws of the State of Florida and alleges that Richardson falsely arrested and imprisoned Allen. Allen was subject to an unlawful detention and deprivation of liberty against his will. Allen was detained for approximately one day in Miami-Dade County jail against his will.

44. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendant at the time of Allen's arrest, Defendant knew there was no probable cause to arrest Allen for any offense under Florida law, because:

   a. Richardson knew Allen did not batter or physically harm Estrada.
   b. Estrada, the alleged victim, provided physical and testimonial evidence to Richardson, which clearly exonerated Allen and refuted the allegations in Richardson's affidavit.
   c. Allen's speech which included a verbal discussion with Estrada, inquiring the identity of Richardson, and a refusal to get on the ground is not probable cause for resisting an officer without violence, battery, or any other crime under Florida law.

45. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Allen of his liberty by falsely arresting Allen and fabricating probable cause. Moreover, Richardson's actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regards to Allen's rights, health and safety, thus merits an award of punitive damages against said Defendant.

## VI. False Imprisonment/False Arrest against City of Miami Gardens (State Claim)

46. This action is brought pursuant to laws of the State of Florida and alleges that City of Miami Gardens falsely arrested Allen. Allen was subject to an unlawful detention and deprivation of liberty against his will. Allen was detained for one day in Miami-Dade County jail against his will.

47. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendant at the time of Allen's arrest, Defendant knew there was no probable cause to arrest Allen for any offense under Florida law, because:

   a. Richardson knew Allen did not batter or physically harm Estrada.
   b. Estrada, the alleged victim, provided physical and testimonial evidence to Richardson, which clearly exonerated Allen and refuted the allegations in Richardson's affidavit.
   c. Allen's speech which included a verbal discussion with Estrada, inquiring the identity of Richardson, and a refusal to get on the ground is not probable cause for resisting an officer without violence, battery, or any other crime under Florida law.

48. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Allen of his liberty. Defendant did not observe any physical altercation between Allen and Estrada and the alleged victim indicated that she had not been battered by Allen.

### VII.   Malicious Prosecution against Richardson (State Claim)

49. This action is brought pursuant to the laws of Florida against Richardson.

50. A criminal proceeding in the Circuit Court of Miami-Dade County, Florida was commenced against Allen. The person responsible for the initiation of the criminal proceeding was Richardson.

51. The criminal proceeding ended in a not guilty verdict in favor of Allen on all counts.

52. There was an absence of probable cause for the original proceeding. At the time of the original proceeding, Defendant did not have probable cause to arrest or prosecute Allen for any of the charges. Specifically, Richardson was not involve in the execution of a legal duty, Richardson did not observe a battery or any unlawful conduct by Allen, and the alleged victim had exonerated Allen before and after Allen's custodial arrest.

53. There was malice on the part of the Defendant because he arrested Allen not because he knew there was not a scintilla of probable cause to support the arrest and the continued prosecution. Richardson fabricated probable cause which was clearly refuted by the alleged victim. Richardson was the driving force of the criminal proceeding against Allen as there was no other basis for the prosecution of the matter except for Richardson's false testimony.

54. Allen suffered damages as a result of the criminal proceeding. These damages include but not limited to emotional, physical, and financial injury. Allen incurred a loss of property. Allen suffered humiliation and embarrassment as result of this incident. Additionally, Allen incurred unnecessary legal costs as a result of the defense of this matter.

### PRAYER

Wherefore Plaintiff, for each and every cause of action above demands the following relief, jointly and severally, against all Defendants;

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential damages;
c. Exemplary damages, against each and every Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said defendant;
d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;
e. Prejudgment and post-judgment interests where permitted by law,

    f.  Punitive damages;

    g.  Nominal damages;

    h.  Costs of suit and interest accrued incurred herein; and

    i.  Other forms equitable and/or legal relief the Court deems just or proper.

Respectfully submitted by,

s/Faudlin Pierre
Faudlin Pierre
Attorney for Plaintiff
18900 NE 1st Court
Miami, FL 33179
(305) 336-9193
FLA. BAR #56770
fplaw08@yahoo.com